IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEANNE GRAHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:20-cv-06072 |
| v. ) | |
| ) | |
| WAL-MART STORES EAST I, LP, ) | |
| d/b/a WAL-MART #560 ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT WALMART STORES EAST I, LP'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES; AND DEMAND FOR JURY TRIAL

Defendant Walmart Stores East I, LP ("Walmart") submits the following Answer to Plaintiff's Petition for Damages as set forth below. Defendant denies all allegations not specifically admitted below.

1. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 1, and therefore denies the same.

2. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 2, and therefore denies the same.

3. In response to Paragraph numbered 3, Walmart admits Walmart Stores East, LP is a foreign limited partnership registered to do business in Missouri under the name Walmart Stores East I, LP and is in good standing. Walmart Stores East, LP's corporate offices are in Arkansas. Otherwise, Walmart denies the remaining averments in Paragraph numbered 3.

4. In response to Paragraph numbered 4, Walmart admits Walmart store #560 is located at 4201 N. Belt Highway, St. Joseph in the County of Buchanan in the State of Missouri. Otherwise, Walmart denies the remaining averments in Paragraph numbered 4.

5. Walmart admits the averments in Paragraph numbered 5.

6. In response to Paragraph numbered 6, Walmart admits that on August 25, 2019 Plaintiff visited the Walmart located at 4201 N. Belt Highway, St. Joseph Missouri. Walmart admits that Plaintiff was walking inside the Walmart store. Otherwise, Walmart denies the remaining averments in Paragraph numbered 6.

7. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 7, and therefore denies the same.

8. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 8, and therefore denies the same.

9. In response to Paragraph numbered 9, Walmart admits that it was the operator of the Walmart store located at 4201 N. Belt Highway, St. Joseph, Missouri. Otherwise, Walmart denies the remaining averments in Paragraph numbered 9.

10. In response to Paragraph numbered 10, Walmart admits that it had those responsibilities required by law for the Walmart store located at 4201 N. Belt Highway, St. Joseph, Missouri. Otherwise, Walmart denies the remaining averments in Paragraph numbered 10.

11. In response to Paragraph numbered 11, Walmart denies the averments in Paragraph 11 and each of its subparts.

12. In response to Paragraph numbered 12, Walmart admits it had those duties required by law. Otherwise, Walmart denies the remaining averments of Paragraph numbered 12.

13. In response to Paragraph numbered 13, Walmart denies the averments in Paragraph 13.

## AFFIRMATIVE DEFENSES

14. Plaintiff's Petition fails to state a claim against Walmart upon which relief can be granted.

15. The alleged negligent acts of Walmart were not the proximate cause of plaintiff's

alleged injuries or damages.

16. Plaintiff has failed to mitigate her damages, with the following respects including but not limited to:

   a. Failing to immediately seek medical attention; and/or
   b. Failing to terminate and/or cease medical treatment after fully recovering from the injuries alleged in Plaintiff's Petition; and/or
   c. Failing to avoid unnecessary medical expenses; and/or
   d. Failing to elect the most economical medical care and/or treatment; and/or
   e. Failing to properly follow medical instructions; and/or
   f. Failing to engage in rehabilitation activities and/or therapy; and/or
   g. Failing to elect medical care and/or treatment that would improve Plaintiff's condition; and/or
   h. Failing to avoid unnecessary costs and expenses.

17. Plaintiff assumed the risk of the alleged injuries detailed in Plaintiff's Petition.

18. Plaintiff's claimed injuries and damages were caused by an independent and/or intervening act for which Walmart is not liable.

19. The alleged injuries in Plaintiff's Petition were the result of the negligence of a third-party and not the result of any act or omission of Defendant.

20. The alleged injuries in Plaintiff's Petition were the result of Plaintiff's own contributory negligence in whole or in part and Plaintiff is precluded from recovering damages in this matter.

21. Plaintiff has failed to mitigate her damages, with the following respects including but not limited to:

     a. Failing to immediately seek medical attention; and/or

     b. Failing to terminate and/or cease medical treatment after fully recovering from the injuries alleged in plaintiff's Petition; and/or

     c. Failing to avoid unnecessary medical expenses; and/or

     d. Failing to elect the most economical medical care and/or treatment; and/or

     e. Failing to properly follow medical instructions; and/or

     f. Failing to engage in rehabilitation activities and/or therapy; and/or

     g. Failing to elect medical care and/or treatment that would improve plaintiff's condition; and/or

     h. Failing to avoid unnecessary costs and expenses.

22. If Plaintiff suffered any injury or damage, which Walmart specifically denies, all such injury or damage was directly caused, in whole or in part, by the negligent acts, omissions or fault of plaintiff, and plaintiff is therefore barred from recovery from Walmart or, in the alternative, the amount of any recovery by plaintiff against Walmart must be reduced in proportion to such fault. The negligent acts, omissions or fault of plaintiff include but are not limited to one or more of the following:

     a) Failure to keep a careful lookout; and

     b) The water on which plaintiff allegedly slipped came from plaintiff;

WHEREFORE, for the above stated reasons, Walmart Stores East I, LP prays for judgment in its favor, for its costs, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Walmart Stores East I, LP, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

*s/ James R. Jarrow*
James R. Jarrow        MO# 38686
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone 816.471.2121
Facsimile   816.472.0288
Email:      jarrow@bscr-law.com

ATTORNEY FOR DEFENDANT
WALMART STORES EAST I, LP

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2020 a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send electronic notification of filing to all counsel of record, and by U.S. Mail to:

Jeffrey Blackwood, Esq.
MONTEE LAW FIRM P.C.
PO Box 127
St. Joseph, MO 64502
ATTORNEY FOR PLAINTIFF

                                        *s/James R. Jarrow*